IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>LOREN SCHAUERS,<br><br>　　　　　　Defendant. | CV 22-04-BLG-SPW<br><br>ORDER DENYING AMENDED MOTION TO CHANGE VENUE |

      Before the Court is Defendant Loren Schauers' Amended Motion to Change Venue, filed April 26, 2022. (Doc. 12). Plaintiff Liberty Mutual Fire Insurance Company responded in opposition on April 27, 2022. (Doc. 13). The motion is deemed ripe and ready for adjudication. For the following reasons, the Court denies Defendant's motion.

      Defendant seeks to change venue from this division to Cascade County—Defendant's county of residence. Defendant does not specify if he seeks to remand the case to Montana's Eighth Judicial District Court in Cascade County or if he seeks only to transfer venue to the Great Falls division of the U.S. District Court for the District of Montana. Because Defendant presents no arguments for remand

1

in his motion, the Court shall construe the motion as solely seeking transfer to the Great Falls division.

Plaintiff filed the present lawsuit seeking a declaratory judgment that Defendant is not covered under a Business Auto insurance policy issued by Plaintiff to Defendant's employer. On September 27, 2019, Defendant suffered significant injuries when a forklift he was operating slipped off a road and fell 50 feet. The accident occurred in Park County, Montana. At all relevant times, Defendant has resided in Cascade County, Montana.

"[V]enue is proper in any division of the court containing a county of proper venue under the laws of the State of Montana." D. Mont. L.R. 3.2(b). Montana Code Annotated § 25-2-121(1) establishes that:

> The proper place of trial for actions upon contracts is either:
> (a) the county in which the defendants, or any of them, reside at the commencement of the action; or
> (b) the county in which the contract was to be performed. The county in which the contract was to be performed is:
> (i)   the county named in the contract as the place of performance; or
> (ii)  if no county is named in the contract as the place of performance, the county in which, by necessary implication from the terms of the contract, considering all of the obligations of all parties at the time of its execution, the principal activity was to take place.

Mont. Code Ann. § 25-2-121(2)(c) further clarifies that, for purposes of subsection (1)(b)(ii), venue is proper for insurance contracts in "the county where the loss or injury occurred or where a judgment is obtained against the assured or indemnitee or where payment is to be made by the insurer."

2

Defendant solely contends that under Mont. Code Ann. § 25-2-201(1) because he resides in Cascade County venue in this division is not proper. That statute states that the court "must, on motion, change the place of trial in the following cases: (1) when the county designated in the complaint is not the proper county . . . ." Mont. Code. Ann. § 25-2-201(1).

Plaintiff responds that, while Cascade County would qualify as a proper venue given the Defendant's residence, venue is also proper in Park County as the location where the injury occurred. Plaintiff points out that Montana law allows for multiple proper venues but restricts a party's ability to change venue between the two locations. Specifically, if multiple counties are proper, "an action brought in any such county is brought in a proper county and no motion may be granted to change the place of trial upon the ground that the action is not brought in a proper county under 25-2-201(1)." Mont. Code Ann. § 25-2-115.

Montana law clearly establishes Cascade County as a proper venue for this action as Defendant's county of residence. However, it is equally clear that Park County is a proper venue as the county where the injury occurred. Because Park County is contained within this division, the Court finds that venue here is proper and must deny Defendant's motion under Mont. Code Ann. § 25-2-115. Therefore,

**IT IS HEREBY ORDERED** that Defendant's Amended Motion to Change Venue (Doc. 12) is **DENIED**.

The Clerk of Court is directed to notify the parties of the making of this Order.

DATED this 23rd day of May, 2022.

SUSAN P. WATTERS
United States District Judge