IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>LOREN SCHAUERS,<br><br>Defendant. | CV 22-04-BLG-SPW<br><br>ORDER ON MOTION FOR SUMMARY JUDGMENT |

Before the Court is Plaintiff Liberty Mutual Fire Insurance Company's ("Liberty Mutual") Motion for Summary Judgment. (Doc. 3). Liberty Mutual requests summary declaratory judgment that no Uninsured Motorist (UM) or Underinsured Motorist (UIM) coverage is available to Defendant Loren Schauers under his employer's commercial auto insurance policy for Defendant's September 2019 forklift accident. (Doc. 5 at 1). Schauers responded opposing the motion, arguing that the policy is ambiguous. (Doc. 14). For the following reasons, the Court finds that Liberty Mutual is entitled to summary judgment.

## I.  Factual Background

On September 27, 2019, Loren Schauers was injured when the forklift he was operating rolled off the road and pinned him beneath it. Schauers was

1

working for Sletten Construction on a bridge rehabilitation project on Highway 89 in Park County, Montana. (Doc. 4, Ex. A). A motorist apparently drove his truck through the middle of the construction zone, so Schauers moved the forklift to the side of the road to avoid the driver. (Doc. 4, ¶¶ 2, 3). The embankment of the side of the road underneath the forklift collapsed, and the forklift rolled approximately 50 feet before stopping, with Schauers pinned beneath. (Doc. 4, ¶ 3). Emergency services removed the forklift and Schauers suffered serious injury, including the loss of both legs and partial amputation of his right arm. (Doc. 4, ¶ 4).

Liberty Mutual had issued an automobile insurance policy to Sletten. The "Business Auto Policy" provides coverage for individuals "occupying a covered auto." (Doc. 4, ¶ 11). The policy defines autos as:

1. A land motor vehicle, "trailer" or semitrailer designed for travel on public roads; or
2. Any other land vehicle that is subject to a compulsory or financial responsibility law where it is licensed or principally garaged.

However "auto" does not include "mobile equipment".

(Doc. 4, ¶15). The policy defines mobile equipment as:

"Mobile equipment" means any of the following types of land vehicles, including any attached machinery or equipment:
1. Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads[.]
[. . .]

(Doc. 4, ¶ 17).

## II. Legal Standard

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party and a dispute is "material" only if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In considering a motion for summary judgment, the Court "may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 130, 150 (2000); *Anderson*, 477 U.S. at 249-50. The Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in the non-moving party's favor. *Anderson*, 477 U.S. at 255; *Betz v. Trainer Wortham & Co., Inc.*, 504 F.3d 1017, 1020-21 (9th Cir. 2007).

The Court's jurisdiction over this action is based on diversity of citizenship. Therefore, the Court must apply the substantive law of Montana. *Medical Lab'y Mgmt. Consultants v. Am. Broadcasting Cos., Inc.*, 306 F.3d 806, 812 (9th Cir. 2002). In Montana, "[t]he interpretation of an insurance contract is a question of

3

law." *United Nat'l Inc. Co. v. St. Paul Fire & Marine Ins. Co.*, 214 P.3d 1260, 1265 (Mont. 2019). If the contract is clear and explicit, it must be enforced as written. *Id.* Courts analyzing insurance polices must interpret words with their ordinary meaning; any ambiguity must be strictly construed against the insurer and in favor of coverage. *U.S. Fire Ins. Co. v. Greater Missoula Family YMCA*, 454 F. Supp. 3d 978, 981 (D. Mont. 2020) (citing *Travelers Cas. & Sur. Co. v. Ribi Immunochem Research, Inc.*, 108 P.3d 469, 474 (Mont. 2005)). "Ambiguity exists, when taken as a whole, an insurance contract is reasonably subject to two different interpretations." *Id.*

### III. Analysis

Summary judgment is appropriate here because the undisputed material facts demonstrate that Schauers was not occupying a covered vehicle when the accident occurred. The policy covers land motor vehicles designed for travel on public roads and specifically excludes mobile equipment, which the policy defines as "bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads[.]" (Doc. 4, ¶ 17). Liberty Mutual has produced evidence that the vehicle Schauers was operating at the time of the accident was a forklift, including photos of the vehicle, contemporaneous statements of witnesses who describe the vehicle as a forklift, and Defendant's own admissions in the Answer to the Complaint. (See Doc. 9 at 2, ¶ 11).

Defendant makes three arguments against the exclusion of the vehicle from coverage. First, Schauers argues that the policy is ambiguous as applied to the forklift because the policy includes other covered vehicles and items that Schauers believes to be less like autos than the subject forklift. (Doc. 14 at 5-6). These items are listed on a separate schedule of covered vehicles which apparently included shipping containers. Liberty Mutual points out that this schedule was not in effect at the time of the accident, and—more importantly—it is immaterial whether the policy or attached schedules expressly include other vehicles, equipment, or objects, because in any case, the subject forklift is not listed. (Doc. 19 at 5-6). The Court agrees. The relevant question is whether the vehicle Schauers was operating at the time of the accident was a covered auto. The policy expressly excludes forklifts. Whether other items are expressly included which are not normally defined as vehicles is irrelevant.

Next, Schauers argues that the vehicle was not a forklift at all, or alternatively that the policy intended to exclude only some types of forklifts. (Doc. 14 at 7-8). There are several issues with this argument. Schauers has already admitted that the vehicle is a forklift in the Answer to the Complaint. (Doc. 9 at 2). In the Statement of Disputed Facts, Schauers does not produce any evidence with which the Court could determine that the vehicle was not a forklift—in fact,

Schauers essentially produces no evidence at all in the statement of Disputed Facts. (Doc. 14-1).

In the interest of thoroughness however, the Court will address the substance of this argument. Schauers argues that the chassis of the vehicle is a platform that can be outfitted to perform several functions, including operating as a forklift, a road grader, a cherry-picker, or a baler. (Doc. 14 at 9). But here, it is indisputable that the vehicle was operating as a forklift: the forklift front-end is plainly visible in the photographs of the scene. (Doc. 7-1). The policy explicitly and unambiguously excludes forklifts from coverage. Schauers attempts to assert that the policy language only includes "certain forklifts," but this is contrary to the plain language of the provision. The Court is bound by the plain language. *United Nat'l Inc. Co.*, 214 P.3d at 1265. The policy does not say, for instance, warehouse forklifts—it excludes forklifts as well as bulldozers, farm machinery, and other vehicles designed principally for off road use. The fact that the forklift here was operating on a road (because the road was the construction site itself) does not change the analysis.

Finally, Schauers seeks to reform the policy language on grounds that it is either unconscionable or not within the insured's reasonable expectations. (Doc. 14 at 11). Under the reasonable expectations doctrine, the "objectively reasonable expectations of applicants and intended beneficiaries regarding the terms of

6

insurance contracts will be honored even though painstaking study of the policy provisions would have negated those expectations." *Transamerica Ins. Co. v. Royle*, 656 P.2d 820, 824 (Mont. 1983). However, "expectations which are contrary to a clear exclusion from coverage are not 'objectively reasonable.'" *Wellcome v. Home Ins. Co.*, 849 P.2d 190, 194 (Mont. 1993). Here, the expectations asserted by Schauer—namely that the auto policy would cover him while operating the forklift—is directly contrary to a clear exclusion from coverage, rendering the expectation not objectively reasonable, as defined by the Montana Supreme Court. The forklift exclusion is directly and plainly stated, and the Court cannot apply the reasonable expectations doctrine.

## IV. Conclusion

Liberty Mutual has produced evidence that Schauers was not covered under the policy at the time of the accident and Schauers has failed to materially dispute that conclusion. Accordingly, the matter is appropriate for summary resolution.

IT IS ORDERED that Plaintiff Liberty Mutual Fire Insurance Company's Motion for Summary Judgment (Doc. 3) is GRANTED. Judgment shall be entered in favor of the Plaintiff.

DATED this 27th day of September, 2022.

                                                          SUSAN P. WATTERS
                                                        United States District Judge